

DA 13-0193

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 314N

IN THE MATTER OF:

K.J.,

    A Youth in Need of Care.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. ADN 11-024 Honorable Greg Pinski, Presiding Judge |

COUNSEL OF RECORD:

    For Appellants:

        Lisa B. Kauffman, Attorney at Law; Missoula, Montana (for Mother)

        Jeanne M. Walker; Hagen & Walker, PLLC; Billings, Montana (for Father)

    For Appellee:

        Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

        John Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  September 18, 2013
Decided:  October 22, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     S.T. (Mother) and R.J. (Father), the biological parents of K.J., both appeal an order of the Eighth Judicial District Court, Cascade County, terminating their parental rights to K.J. and granting permanent legal custody to the Montana Department of Health and Human Services (DPHHS or the Department). We affirm.

¶3     Early in 2011, DPHHS received a report that Mother recently injected and smoked methamphetamine in her home in front of K.J, who was then one year old. The report also indicated that Mother was selling her prescription medications and that assaults by Mother had caused Father to temporarily leave the home. Mother took several voluntary urinalysis tests and repeatedly tested positive for methamphetamine and benzodiazepine. On February 28, 2011, K.J. was removed from his parents' home at the request of the Department. A child protection specialist arranged for a hair sample from K.J., which tested positive for methamphetamine.

¶4     On March 11, 2011, DPHHS filed an amended petition for emergency protective services, adjudication as youth in need of care, and temporary legal custody for K.J. On May 18, 2011, the District Court held a hearing on the petition. Both parents were

2

represented by counsel. No objections were made when the Department advised the court that the parents would be stipulating to adjudication of K.J. as a youth in need of care, and the District Court later concluded in its May 27, 2011 order that the parents had stipulated to adjudication. The court granted temporary legal custody to the Department for six months and ordered treatment plans for both parents. Afterward, both parents filed motions seeking the return of the child. The District Court later denied those motions.

¶5 The Department filed petitions on May 17, 2012, for permanent legal custody and termination of the birth parents' rights. On December 5, 2012, the District Court granted the Department's request for termination of both Mother's and Father's parental rights. In its order, the District Court found by clear and convincing evidence that both parents failed to complete treatment plans—observing, among other things, that Father admitted to using methamphetamines as recently as November 2012 and that Mother's completed urinalysis tests remained "positive for methamphetamine throughout the pendency of this case." The court made a conclusion of law that it previously had adjudicated K.J. as a youth in need of care on May 18, 2011. Finally, the court concluded that neither parent was likely to change within a reasonable period of time and that the best interests of the child were served by terminating both parents' legal rights and granting permanent custody to the Department.

¶6 We review a district court's order terminating parental rights for an abuse of discretion. *In re J.C.*, 2008 MT 127, ¶ 33, 343 Mont. 30, 183 P.3d 22. A district court

abuses its discretion when it "acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *J.C.*, ¶ 33. We review the trial court's findings of fact for clear error and its conclusions of law for correctness. *In re D.B.*, 2008 MT 272, ¶ 13, 345 Mont. 225, 190 P.3d 1072.

¶7 Both parents argue on appeal that the District Court failed to follow statutory requirements for adjudicating K.J. a youth in need of care. To terminate parental rights under § 41-3-609(1)(f), MCA, the court first must adjudicate the child as a youth in need of care.

¶8 Parents may stipulate that "the child meets the definition of a youth in need of care by the preponderance of the evidence." Section 41-3-434(1), MCA. The parents argue that the record contains no written stipulation or affirmative statements in open court that they agreed that K.J. is a youth in need of care. Instead, counsel for the Department stated in the May 18, 2011 hearing, "It's my understanding the birth mother and father are going to be stipulating to an adjudication of the youth as a youth in need of care." No objection to this statement was made. The court made a subsequent finding of fact "[t]hat the parents have stipulated to the adjudication of the Youth as a Youth in Need of Care . . . ."

¶9 "To properly preserve an issue for appeal, a party must notify the court at the time the objectionable conduct is at issue." *In re A.T.*, 2006 MT 35, ¶ 15, 331 Mont. 155, 130 P.3d 1249. "Failure to make a timely objection constitutes a waiver of the party's right to appeal." *A.T.*, ¶ 15. Neither parent nor counsel for either parent objected to the

4

Department's assertion at the May 18, 2011 hearing, to the court's finding of fact that the parents stipulated to adjudication, or at any other time during the District Court proceedings. Neither parent raised the issue until the briefs on appeal.

¶10 This Court continually has stated that "we will not fault a district court for failing to address statutory deficiencies that are not brought to its attention during the proceedings because doing so would encourage litigants to withhold objections rather than raise the issues appropriately in the district court." *In re A.S.*, 2006 MT 281, ¶ 35, 334 Mont. 280, 146 P.3d 778 (quoting *In re A.N.W.*, 2006 MT 42, ¶ 41, 331 Mont. 208, 130 P.3d 619). In *A.S.*, we pointed out that a parent acquiesced to a child's adjudication as a youth in need of care when there was no objection to the adjudication and the adjudication was repeatedly referenced in court documents leading up to the termination hearing. *A.S.*, ¶ 35. Similarly, we hold here that the parents waived the right to appeal the adjudication issue because they did not timely object or raise the issue before the District Court.

¶11 Mother raises two additional issues: whether her treatment plan failed to accommodate her disabilities and whether the Department made sufficient efforts to reunify her with K.J. All parties recognize that Mother has been diagnosed with agoraphobia, major depressive disorder, and anxiety and panic disorders. The record shows, however, that DPHHS and the District Court made reasonable modifications to her treatment plan to accommodate her disabilities. The District Court made specific

findings on this point and Mother has not demonstrated that its findings were clearly erroneous.

¶12 The record also establishes that Mother failed to complete the goals of her treatment plan. Even substantial compliance is insufficient to complete a treatment plan; complete compliance is required. *In re D.A.*, 2008 MT 247, ¶ 22, 344 Mont. 513, 189 P.3d 631. Based on our review of the record, we hold that the District Court did not clearly err in its findings related to this issue and correctly concluded that the Department made good-faith, reasonable efforts to assist Mother in complying with her treatment plan within a reasonable time in order to reunify her with her child.

¶13 Father also raises two additional issues: whether the District Court properly determined that he did not complete his treatment plan and whether the condition or conduct rendering him unfit was unlikely to change in a reasonable time. Father argues that he could not complete his treatment plan during the time that he was incarcerated for failure to pay fines and that his work often prevented him from meeting other objectives. Father also argues against his treatment plan on the ground that his continued dependence on alcohol and drug use is neither reasonably related to his ability to parent nor identified as a factor prohibiting his ability to parent.

¶14 In concluding that "the continuation of the parent-child relationship between [Father] and the child will likely result in continued abuse or neglect to the child[,]" the District Court clearly stated that its conclusion was based "upon consideration of [Father's] excessive use of methamphetamine, marijuana, and other substances that affect

6

his ability to care for and provide for his son." Further, the court found that a significant factor making Father unable to care for K.J.—in addition to his substance abuse issues—is "his lack of recognition of the danger [Mother] poses to the child." Father failed to acknowledge and accept his role in protecting K.J. from harm. The court reasonably believed that Father's uncontrolled substance abuse, coupled with his inability to show that he can protect K.J. from Mother, warranted his treatment plan.

¶15 Despite his commendable efforts, Father also did not complete his treatment plan. The record demonstrates that Father admittedly continued to use alcohol, marijuana, and methamphetamine as recently as one month prior to the termination hearing. The District Court did not clearly err in its findings related to this issue and correctly concluded that Father failed to complete his treatment plan.

¶16 Finally, the court properly determined that the conduct or condition rendering Father unfit was unlikely to change in a reasonable time. A "parent's past conduct is relevant in determining whether that parent's conduct is unlikely to change." *In re G.S. & S.S.*, 2002 MT 245, ¶ 43, 312 Mont. 108, 59 P.3d 1063. Father failed to address his substance abuse issues that affected his ability to care and provide for K.J., and the evidence showed he had failed or been unable to protect K.J. when Mother subjected him to unacceptable risks.

¶17 "In determining whether to terminate parental rights, . . . the best interests of the child are of paramount concern and take precedence over the parental rights." *A.S.*, ¶ 25. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our

Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the appellants have not met their burdens of persuasion. They have not shown error in either the District Court's factual findings or its conclusions of law. The District Court did not abuse its discretion in terminating the parents' rights. The judgment is affirmed.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS